**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Koninklijke Philips N.V.,<br><br>Plaintiff,<br><br>v.<br><br>10793060 Canada Inc., Electronics AG Inc., Innovative Warehouse Solutions, LLC, and BoxSource.com, Inc.,<br><br>Defendants. | Civil Action No. 21-cv-1910<br><br>Hon.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, COUNTERFEITING, DESIGN PATENT INFRINGEMENT, AND DEMAND FOR JURY TRIAL** |

Plaintiff Koninklijke Philips N.V. ("Philips"), by its attorneys, alleges the following, upon actual knowledge with respect to itself and its own acts and on information and belief as to all other matters:

## <u>NATURE OF THE ACTION</u>

1.      This is a civil action arising out of the acts and actions of 10793060 Canada Inc., Electronics AG Inc., Innovative Warehouse Solutions, LLC, and BoxSource.com, Inc. (collectively, "Defendants") for trademark infringement, trade dress infringement, counterfeiting, and design patent infringement brought pursuant to 15 U.S.C. § 1051 *et seq.*, 35 U.S.C. §§ 271 and 289, and the common law of the State of New York.

2.      Defendants have slavishly copied and are using Philips' well-known **One**Blade trademark for its electric shavers and replacement blades, its federally registered  design mark ("Philips Design Mark"), its distinctive "single blade" trade dress packaging used for its **One**Blade replacement blades ("Single **One**Blade Package Design"), and the unique and distinctive green color associated with Philips' **One**Blade electric shavers, including as

particularly applied to its **One**Blade replacement blades ("**One**Blade Shaver Head Trade Dress"). Defendants have stolen all such source indicators in connection with their unauthorized distribution and sale of counterfeit replacement blades for use with Philips' **One**Blade electric shavers. Defendants' counterfeit replacement blades further infringe the sole claim of U.S. Design Patent No. D776,878, the sole claim of U.S. Design Patent No. D870,972, and the sole claim of U.S. Design Patent No. D905,346 (collectively, the "Asserted Patents").

3.      Philips seeks to enjoin Defendants' unlawful acts under its various federally registered and common law trademark rights and issued design patents, and to recover actual and statutory damages, Defendants' profits, and other relief, including attorneys' fees and costs.

## PARTIES

4.      Philips is a company organized and existing under the laws of the Netherlands having an office at High Tech Campus 5, 5656 AE, Eindhoven, Netherlands.

5.      Defendant 10793060 Canada Inc. ("10793060 Canada") is a company organized and existing under the laws of Canada, having an office at 816 Rue Noël, Laval QC H7X 1Y1, Canada.  Mr. Alain Gazeryan is the president of 10793060 Canada and resides at 828 Rue Noël, Laval QC H7X 1Y1, Canada.

6.      Defendant Electronics AG Inc. ("Electronics AG") is a company organized and existing under the laws of Canada, having an office at 828 Rue Noël, Laval QC H7X 1Y1, Canada.  Alain Gazeryan is the president of Electronics AG and resides at 828 Rue Noël, Laval QC H7X 1Y1, Canada.

7.      Defendant Innovative Warehouse Solutions, LLC ("Innovative Warehouse") is a company organized and existing under the laws of New York, having an office at 34 Appletree Drive, Hauppauge, NY 11788.  Brian Gibbons is the owner of Innovative Warehouse.

8. Defendant BoxSource.com, Inc. ("BoxSource") is a company organized and existing under the laws of New York, having an office at 34 Appletree Drive, Hauppauge, NY 11788. Brian Gibbons is the owner of BoxSource.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because those claims are substantially related to Philips' federal claims.

10. This Court has specific personal jurisdiction over the Defendants at least because, on information and belief, they have worked in concert to establish distribution, sales, and marketing channels in the United States, including in the Eastern District of New York, for the infringing knock-off replacement blades identified in this Complaint.

11. This Court has specific personal jurisdiction over 10793060 Canada at least because, on information and belief, 10793060 Canada has purposefully availed itself of the benefits of doing business in the Eastern District of New York by distributing, marketing, selling, offering for sale, and/or promoting one or more of the products identified in this Complaint and deriving substantial revenue from such activities by placing those products into the stream of commerce with the expectation that they will be purchased by consumers within the Eastern District of New York. Through their fully interactive commercial Internet websites or virtual storefronts, 10793060 Canada has targeted and solicited sales from New York residents, including residents in this District, by operating online stores that offer shipping to New York, including this District, and accept payment in U.S. dollars. Further, Philips' causes of action arise out of those activities and 10793060 Canada causes harm to Philips' business within this District.

12. In the alternative, this Court has personal jurisdiction over 10793060 Canada under Fed. R. Civ. P. 4(k)(2) because, on information and belief, 10793060 Canada would not be subject to jurisdiction in any state's courts of general jurisdiction, and because exercising jurisdiction is nevertheless consistent with the United States Constitution given that 10793060 Canada has sufficient contacts with the United States.

13. This Court has specific personal jurisdiction over Electronics AG at least because, on information and belief, Electronics AG has purposefully availed itself of the benefits of doing business in the Eastern District of New York by distributing, marketing, selling, offering for sale, and/or promoting one or more of the products identified in this Complaint and deriving substantial revenue from such activities by placing those products into the stream of commerce with the expectation that they will be purchased by consumers within the Eastern District of New York. Through their fully interactive commercial Internet websites or virtual storefronts, Electronics AG has targeted and solicited sales from New York residents, including residents in this District, by operating online stores that offer shipping to New York, including this District, and accept payment in U.S. dollars. Further, Philips' causes of action arise out of those activities and Electronics AG causes harm to Philips' business within this District.

14. In the alternative, in the event that Electronics AG contests jurisdiction in this forum, this Court has personal jurisdiction over Electronics AG under Fed. R. Civ. P. 4(k)(2) because, on information and belief, Electronics AG would not be subject to jurisdiction in any state's courts of general jurisdiction, and because exercising jurisdiction is nevertheless consistent with the United States Constitution given that Electronics AG has sufficient contacts with the United States.

15. This Court has specific personal jurisdiction over Innovative Warehouse at least because Innovative Warehouse is incorporated in this District, has purposefully distributed the products in this District, made those products available for sale through an established distribution chain, Philips' causes of action arise out of those activities, and Innovative Warehouse causes harm to Philips' business within this District.

16. This Court has specific personal jurisdiction over BoxSource at least because BoxSource is incorporated in this District, has purposefully distributed the products in this District, made those products available for sale through an established distribution chain, and Philips' causes of action arise out of those activities, and BoxSource causes harm to Philips' business within this District.

17. Venue is proper against 10793060 Canada and Electronics AG in the Eastern District of New York under 28 U.S.C. § 1391(b) because venue is deemed proper in any district against a foreign corporation.

18. Venue is proper against Innovative Warehouse and BoxSource in the Eastern District of New York under 28 U.S.C. §§ 1391(b) and 1400(b) because venue is deemed proper in the district the defendant resides.

19. Defendants are properly joined under 35 U.S.C. § 299 because, on information and belief, they have acted in concert with each other to distribute, market, sell, offer for sale, and/or promote one or more of the products identified in this Complaint in this District and throughout the United States, such that the relief requested in this action arises out of the same transactions, occurrences, or series of transactions relating to the same accused products and will require resolution of common questions of law and/or fact.  For example, Alain Gazeryan is the president of both 10793060 Canada and Electronics AG and Brian Gibbons is the president of

both Innovative Warehouse and BoxSource. Further, on information and belief, both 10793060 Canada and Electronics AG act in a similar manner to set up various online storefronts (e.g., Amazon seller profiles) to sell one or more of the infringing products identified in this Complaint. Further, on information and belief, both 10793060 Canada and Electronics AG use Innovative Warehouse and/or BoxSource for fulfillment services to distribute the accused products identified in this Complaint in this District and throughout the United States. Thus, the extensive online presence of 10793060 Canada and Electronics AG to market, sell, and offer to sell one or more of the products identified in this Complaint in this District and throughout the United States, and the involvement of Innovative Warehouse and/or BoxSource to fulfill online orders of those same products shows how the Defendants are partaking in the same series of transactions or occurrences, which involve fact questions common to all Defendants, as required by § 299.

## PHILIPS AND ITS REVOLUTIONARY ONEBLADE SHAVER

20.     Philips is a world-renown company offering a diverse array of products, including products for personal grooming. Philips manufactures both men's and women's personal grooming products, having sold nearly $365 million men's shavers and trimmers annually. It has sold these products worldwide for the last 80 years and in the U.S. for the last 75 years. In 2018, Philips celebrated the sale of its billionth electric male grooming product. Philips men's personal grooming products are sold through major national chains, big-box stores, and a wide assortment of retail outlets offering personal grooming products throughout the U.S.

21.     Philips began manufacturing and selling electric shavers and trimmers in the 1940s and is now the product-category leader for such products. Philips' success is the result of constant product innovation and diversification. Philips' reputation for exceptional product quality and performance has built strong brand recognition and customer loyalty. Today, Philips

stands as a pioneer of leading and innovative grooming product technologies, including men's shavers and trimmers. Committed to bringing cutting-edge designs and technology to the marketplace, Philips dedicates substantial resources towards product research and development.

22.     One of Philips' most recent and successful product innovations is the **One**Blade men's shaver. Introduced in 2015, Philips' **One**Blade product comprised a wholly new and distinctively unique product design that had never been seen before. Specifically, the **One**Blade electric shaver was reminiscent of a traditional non-electric manual razor. This groundbreaking, uniquely configured, and distinctively colored design appears below:



*Philips' **One**Blade Shaver*

23.     This design greatly departed from the traditional and typical foil and rotary electric shavers then in the marketplace, which tended to be bulky, heavier, and mutely colored, as shown below.



*Other electric shavers including two foil shavers on the left and three rotary shavers on the right*

24.     The **One**Blade design is also distinctive from other non-traditional shavers with blade heads, as shown below.



Other non-traditional electric shavers

25.     In addition to its overall unique design, the **One**Blade shaver has a revolutionary and novel looking blade.



26.     The overall design and unique green color of the **One**Blade electric shavers and blades, visually distinguishes Philips' **One**Blade shaver and blades from other electric shavers and blades in the marketplace, none of which include the distinctive shape, appearance, and green color of the **One**Blade blade:



*Showing the **One**Blade shaver head, a foil shaver head, a rotary shaver head, and four non-traditional shavers*

### PHILIPS' TRADEMARK AND TRADE DRESS RIGHTS

27.     Since at least as early as 2015, Philips has sold goods and services under its **One**Blade trademark and registered Philips Design Mark in commerce, including its **One**Blade shaver and **One**Blade replacement blades.  Philips owns long-standing common law rights in the **One**Blade trademark. Philips also owns the Philips Design Mark (⬜) under Registration No. 5029202, which registered on August 30, 2016, covering paper, cardboard, and cardboard packaging.  A copy of Registration No. 5029202 appears as Exhibit I.

28.     Philips also owns long-standing common law rights in its **One**Blade Shaver Blade Trade Dress, which incorporates overall distinctive green-color scheme used on the product, product packaging, and associated advertising and promotion.  Some examples illustrating the overall distinctive green-color scheme of the **One**Blade product appear below:

 



29.     The **One**Blade Shaver Head Trade Dress is comprised of two vertical end caps and two horizontal combs that appear in the distinctive **One**Blade green color and frame a rectangular, flat silver surface with a crisscross pattern.  The **One**Blade Shaver Head Trade Dress appears below:



30.     Philips has also long promoted and sold replacement blades bearing the Single **One**Blade Blade Package Design.  The Single **One**Blade Package Design is comprised of the

unique and distinctive green color associated with Philips' **One**Blade products on the front of the package (with no writing) with a clear shell that houses the **One**Blade replacement shaver head and the Philips Design Mark appearing on the back. The Single **One**Blade Package Design in drawing form and as used in the marketplace are depicted below:



31.     Philips has advertised and sold a wide variety of consumer electronics and other products under the Philips Design Mark. Since at least as early as 2015, Philips adopted and

began using the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress in connection with the **One**Blade replacement blade products. Philips has used the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress continuously and extensively in interstate commerce, including New York and this District, in connection with advertising and sale of replacement blades. U.S. consumers recognize the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress and associate them with Philips' highly popular replacement blades.

32.     Philips' **One**Blade electric shavers and blades have received praise and recognition from independent sources.  For example, Philips won the 2016 Red Dot Design Award for the **One**Blade electric shaver and the 2018 Red Dot Design Award for the **One**Blade Face+Body electric shaver kit.

33.     U.S. customers have purchased millions of units of Philips replacement blades bearing the Philips' **One**Blade trademark, Philips Design Mark, **One**Blade Shaver Head Trade Dress, and Single **One**Blade Package Design.  Many more U.S. customers have been exposed to Philips **One**Blade trademark, Philips Design Mark, **One**Blade Shaver Head Trade Dress, and Single **One**Blade Package Design through advertising and promotion.

34.     From 2015 to present, U.S. customers have purchased many millions of **One**Blade shavers and many millions of **One**Blade replacement blades.  Sales of Philips **One**Blade shavers and replacement blades have generated hundreds of millions in revenues since 2015.

35.     Philips has invested substantial resources and money in advertising and promoting its **One**Blade products under its **One**Blade trademark, Philips Design Mark, **One**Blade Shaver

Head Trade Dress, and Single **One**Blade Package Design, which have been disseminated through various media outlets, including both the brick-and-mortar and the digital marketplace. Philips' **One**Blade trademark, Philips Design Mark, **One**Blade Shaver Head Trade Dress, and Single **One**Blade Package Design have been and continue to be widely publicized throughout the U.S.

36.     Given the longstanding promotion and sale of Philips' **One**Blade trademark, Philips Design Mark, **One**Blade Shaver Head Trade Dress, and Single **One**Blade Package Design, these source indicators have become well known and exclusively identified in the minds of the public with one particular shaver and shaver head made and sold by Philips, i.e., **One**Blade shavers and blades, and have thus acquired distinctiveness individually and collectively with Philips.  U.S. consumers recognize Philips' **One**Blade trademark, Philips Design Mark, **One**Blade Shaver Head Trade Dress, and Single **One**Blade Package Design, both individually and collectively, and exclusively associate those source indicators with Philips and its highly popular electric shaver and replacement blades.

## PHILIPS' DESIGN PATENTS

37.     Philips also has a long tradition of protecting its cutting-edge designs and technology through obtaining and enforcing patents and design rights in the U.S. and abroad. To date, the U.S. Patent and Trademark Office has issued over 3,000 design patents and over 40,000 utility patents to Philips and its affiliated companies, including over 300 design patents and over 500 utility patents in the men's grooming products field alone.  Philips' total intellectual property portfolio consists of over 60,000 patent rights and over 47,000 design rights worldwide.

38.     As explained above in paragraphs 20-26, Philips' **One**Blade replacement blades have a wholly new and distinctively unique product design. To further protect the ornamental

appearance of Philips' unique blade design for the **One**Blade shaver, Philips obtained U.S. Design Patent Nos. D776,878, D870,972, and D905,346.

39.     The D776,878 patent claims a new, original, and ornamental design for a Shaving Head, as shown in the figures of the patent, with the broken lines of even length shown in the figures forming no part of the claimed design:



FIG. 1                                         FIG. 2

40.     The D870,972 patent claims a new, original, and ornamental design for a Blade for Hair Cutting Appliance, as shown in the figures of the patent, with the broken lines of even length shown in the figures forming no part of the claimed design:



FIG. 1                                         FIG. 3

41.     The D905,346 patent claims a new, original, and ornamental design for a Blade for Hair Cutting Appliance, as shown in the figures of the patent, with the broken lines of even length shown in the figures forming no part of the claimed design:



FIG. 1



FIG. 3

42. In sum, the groundbreaking design that is the **One**Blade created a distinctly unique looking electric shaver and shaver head.

## DEFENDANTS AND THEIR SALES OF INFRINGING PRODUCTS

43. Defendants Electronics AG and 10793060 Canada are individuals and business entities who own and/or operate one or more of the ecommerce Internet stores under various seller aliases and on various platforms. On information and belief, Electronics AG and 10793060 Canada operate jointly in concert to distribute, market, sell, offer for sale, and/or promote infringing products identified in this Complaint. Electronics AG was incorporated in Canada in 2015 and 10793060 Canada was incorporated in Canada in 2018. Both Electronics AG and 10793060 Canada have a registered office address on the same residential street in a suburb outside Montreal, i.e., 10793060 Canada is registered at 816 Rue Noël Laval QC H7X 1Y1, Canada, and Electronics AG is registered at 828 Rue Noël Laval QC H7X 1Y1, Canada. Further, both Electronics AG and 10793060 Canada have the same president, i.e., Alain Gazeryan, with an address at 828 Rue Noël, Laval QC, H7X 1Y1, Canada. 10793060 Canada also lists Costas Dimitroulas as a vice president, who has an address at 816 Rue Noël, Laval QC, H7X 1Y1, Canada. Mr. Gazeryan communicates using at least the following email address: great6996@gmail.com.

44. Defendants Innovative Warehouse and BoxSource are individuals and business entities who own and/or operate as fulfillment service providers. Brian Gibbons is the owner of

both Innovative Warehouse and BoxSource. On information and belief, Defendants Innovative

Warehouse and BoxSource provide fulfillment services for Defendants Electronics AG and

10793060 Canada, including fulfilling product orders for infringing products identified in this

Complaint. Innovative Warehouse was registered as a business in New York on June 21, 2016.

BoxSource was registered as a business in New York on November 13, 2006. Innovative

Warehouse's address in its New York registration documents is 34 Appletree Drive, Hauppauge,

NY, 11788. The address for the principal executive office listed on BoxSource's New York

registration documents is also 34 Appletree Drive, Hauppauge, NY, 11788. Both Innovative

Warehouse and BoxSource share the same registered agent: Robert Gibbons at 34 Appletree

Drive, Hauppauge, NY, 11788. On information and belief, Robert Gibbons is related to Brian

Gibbons, who is the owner of both Innovative Warehouse and BoxSource. Innovative

Warehouse has a website at the following URL: http://www.invwhs.com. Further, the URL

boxsource.com redirects to [http://www.invwhs.com](http://www.invwhs.com).

45.     Defendants, without any authorization or license from Philips, have knowingly

and willfully used and continue to use Philips' **One**Blade trademark, Philips Design Mark,

**One**Blade Shaver Head Trade Dress, and Single **One**Blade Package Design in connection with

the advertising, offering for sale, and sale of counterfeit **One**Blade replacement blades in the

U.S., New York, and this District over the Internet. Defendants sell and ship counterfeit

**One**Blade replacement blades into this Judicial District.

46.     Defendants facilitate sales by designing their websites and/or marketplace listings

so that they appear to unknowing consumers to be authorized online retailers or outlet stores

selling genuine Philips products. All of the websites are sophisticated in appearance, accept

payment in U.S. dollars, via credit card and/or PayPal and ship to New York, including this District, and target consumers in this District, New York, and the U.S.

47.     Electronics AG and 10793060 Canada are counterfeiters that knowingly and willfully offer for sale and/or sell "generic" brand shaver heads for various electric and manual razors, including generic replacement **One**Blade blades bearing the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress.  On information and belief, Electronics AG and 10793060 Canada have the capacity to sell at least 150,000 replacement parts per month and are continuously looking to expand their operations to sell even more parts.  On information and belief, Electronics AG and/or 10793060 Canada has a US-based warehouse "in New York" that is used for fulfillment services.  On information and belief, Electronics AG and/or 10793060 Canada sell replacement blades that are manufactured in China across several factories and ship (or are capable of shipping) orders of replacement blades directly from China to the United States.  Thus, Electronics AG and/or 10793060 Canada are directly engaging in the sale of counterfeit replacement blades and have purposefully directed their illegal activities toward the U.S. and consumers in New York, including this District, through the advertising, offering for sale, sale, and/or shipment of counterfeit Philips replacement blades into this State.

48.     Photographs of the generic replacement blades are shown below:

  



49.     On information and belief, Innovative Warehouse and/or BoxSource provide fulfillment services for at least ShaverParts-USA (one of the customer-facing aliases that at least 10793060 Canada uses to do business with, as explained below in paragraphs 52-53) and other ecommerce Internet stores controlled or owned by Electronics AG and 10793060 Canada. On information and belief, Innovative Warehouse and/or BoxSource has conducted and/or continues to conduct business at one or more of the following locations: 70 Austin Boulevard, Commack, NY 11725 and 165 Price Parkway, Farmingdale, NY 11735. On information and belief, both 70 Austin Boulevard, Commack, NY 11725 and 165 Price Parkway, Farmingdale, NY 11735 are locations used by one or more of the Defendants to ship infringing products identified in this Complaint to customers.

50.     FetPak, Inc. ("FetPak") is a product packaging manufacturer located at 70 Austin Boulevard, Commack, NY 11725.  On information and belief, Innovative Warehouse and/or BoxSource conduct or have conducted fulfillment services for various companies, including for ShaverParts-USA from 70 Austin Boulevard, Commack, NY 11725.

51.     In their corporate documents, Defendants Electronics AG and 10793060 Canada admit that they conduct business under different aliases. 10793060 Canada conducts business under at least the following names: SHAVING WORLD, RAZOR KING, soldfast & co.,

MONDE DE RASAGE, ROI-RASOIR, and venduvite and co.  Ex. F, 5, 11.[1]  Electronics AG

conducts business under at least the following names: DISCOUNTS 777, électroniqueAG,

MONDE DU RASOIR, RAZOR WORLD, and RABAIS 777.  Ex. G at 4, 8.[2]

      52.     10793060 Canada filed a trademark application on December 2, 2020 for the



following mark:                    .  On information and belief, 10793060 Canada owns and/or

operates https://shaverparts-usa.com/ and uses this website to distribute, market, sell, offer for

sale, and/or promote infringing products to customers in the United States.[3]  ShaverParts-USA

boasts that it is the "#1 store in the world for razor replacement parts" and designs and ships "all

of these products straight out of the USA." On information and belief, 10793060 Canada sells

**One**Blade replacement blades for $14.99 from the ShaverParts-USA website.  On information

and belief, one of the Defendants ships the purchased **One**Blade replacement blades from 165

Price Parkway, Farmingdale, NY 11735 or another location in New York.  Further, the

**One**Blade replacement blades sold from the ShaverParts-USA website include product

packaging and packing slips with the ShaverParts-USA mark that is registered to 10793060

Canada.

---

[1] Pages 6-11 of Exhibit F is a copy of the translated version of pages 1-5, which are the records in the Quebec Registry for 10793060 Canada.  Google Translate was used for this translation.
[2] Pages 5-9 of Exhibit G is a copy of the translated version of pages 1-4, which are the records in the Quebec Registry for Electronics AG.  Google Translate was used for this translation.
[3] *See* https://shaverparts-usa.com/products/oneblade-replacement-blade.

 

53.     On information and belief, 10793060 Canada operates, controls, acts in concert with, and/or owns at least the following online seller aliases: ShaverParts-USA, Calmson, leveraYo, LLDWORK, Prosaice, qwrew, ROI-RASOIR, settled, Summeishop, Wendysy, Yunt.[4] Ex. D.  On information and belief, 10793060 Canada operates the ShaverPartsUSA Amazon seller profile.  Ex. D at 1 (ShaverPartsUSA's seller profile shows that its business name is venduvite et co, which is one of the names 10793060 Canada does business under, as noted in its corporate documents); Ex. F, 5, 11 (showing 10793060 Canada corporate records).  On information and belief, 10793060 Canada ships and sells **One**Blade replacement blades from various product pages, including Amazon product pages.  Ex. D at 7, 12, 18, 24, 29, 35, 41, 47, 53, 61, 66.

---

[4] *See* https://www.amazon.com/s?k=%22oneblade%22&me=A1D3MOXMRZ4HZU&ref=
nb_sb_noss (selling in the ShaversParts-USA marketplace replacement blades for the Philips
**One**Blade shaver under various company names including Calmson, leveraYo, LLDWORK,
Prosaice, qwrew, ROI-RASOIR, settled, Summeishop, Wendysy, Yunt).



54.     For example, on information and belief, 10793060 Canada sells replacement

blades for $16.28 from a "Summeishop … OneBlade Electric Shaver 1 Pack Replacement

Blades" product page to customers in this District via the ShaverParts-USA Amazon seller

profile.  Ex. H at 5-9.  On information and belief, one of the Defendants ships the replacement

blades from 165 Price Parkway, Farmingdale, NY 11735 or another location in New York.  *Id.*

Further, the **One**Blade replacement blades sold via the ShaverParts-USA Amazon seller profile

include product packaging and packing slips with the ShaverParts-USA mark that is registered to 10793060 Canada.

  

55.      On information and belief, Electronics AG operates under, control, and/or own at least the following seller aliases: Discounts 777,[5] Patriots-Usa, settencas, 4G-kitty,[6] Ex. E.  On information and belief, Electronics AG does business as Discounts 777 on various online retail websites, including Amazon.  Ex. G at 4, 8 (Electronics AG corporate documents noting Discounts 777 as an alias).  On information and belief, Electronics AG ships and sells **One**Blade replacement blades from various product pages, including Amazon product pages.  Ex. E at 7, 13, 18, 23, and 28.

---

[5] Electronics AG identifies DISCOUNTS 777 as another name it conducts business under in its corporate documents.
[6] https://www.amazon.com/s?k=%22oneblade%22&me=A1M45SG1HPF7GC&ref=nb_sb_noss (selling in the Discounts 777 marketplace replacement blades for the Philips **One**Blade shaver under various company names including Patriots-Usa, settencas, 4G-kitty).



56.     For example, on information and belief, Electronics AG sells replacement blades

for $22.32 from a "4G-kitty" "OneBlade Replacement Shaver Blade" product page to customers

in this District via the Discounts 777 Amazon seller profile.  Ex. H at 13-19.  On information and

belief, one of the Defendants ships the replacement blades from 165 Price Parkway,

Farmingdale, NY 11735 or another location in New York.  *Id.*  Further, the **One**Blade

replacement blades sold via the Discounts 777 include product packaging and packing slips with

the ShaverParts-USA mark that is registered to 10793060 Canada.



57.     On information and belief, Defendants operate or coordinate with other companies in Canada, China, and/or other foreign jurisdictions, or redistribute products from the same or similar sources in those locations.

58.     On information and belief, Electronics AG and 10793060 Canada either individually or jointly, operate one or more ecommerce Internet stores under seller aliases, including the ones noted above.  The scope of names and aliases used by Electronics AG and/or 10793060 Canada conceals the full scope of their operations and the associated identities make it virtually impossible for Philips to learn of the complete internal operations and networks of Electronics AG and 10793060 Canada.

**COUNT I:**
**Trademark Infringement Under Section 32(1) of the**
**Lanham Act (15 U.S.C. § 1114(1))**

59.     Philips repeats and re-alleges paragraphs 1-58.

60.     Defendants' activities are likely to cause confusion, mistake, or deception among consumers. Without Philips' consent, Defendants have used and continue to use in commerce reproductions, copies, and colorable imitations of the federally registered Philips Design Mark in connection with the advertising, sale, offering for sale, and distribution of **One**Blade replacement

blades not made by Philips. Defendants' activities constitute direct trademark infringement in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(l)(a).

61.     Defendants' unauthorized uses of the federally registered Philips Design Mark on Defendants' replacement blade products were intentional and with full knowledge that such uses were not authorized by Philips. Defendants' actions therefore constitute willful infringement of the Philips Design Mark in violation of Sections 32(l)(b) of the Lanham Act, 15 U.S.C. §§ 1114(l)(b).

62.     Philips has been and will continue to be irreparably harmed by the actions of Defendants unless Defendants are enjoined from continuing to use reproductions, copies, and colorable imitations of the federally registered Philips Design Mark in connection with the supply, sell, offer or delivery of Defendants' products. Unless enjoined by this Court, Defendants will continue to use the infringing mark, causing irreparable injury to Philips' business, identity, goodwill and reputation. Philips has no adequate remedy at law as monetary damages are inadequate to compensate Philips for the injuries caused by Defendants.

63.     Defendants' conduct has directly and proximately caused damages to Philips in an amount to be proven at trial.

64.     Defendants' infringements of the Philips Design Mark are deliberate, willful, fraudulent, and without any extenuating circumstances, and constitute exceptional cases within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling Philips to recover three times the amount of its actual damages, attorneys' fees, and costs incurred in this action, and prejudgment interest.

65.     Defendants' acts of trademark infringement are knowing, intentional, and willful in violation of 15 U.S.C. § 1114.

**COUNT II:**
**Trademark and Trade Dress Infringement, False Designation of Origin,**

<u>**Passing Off, and Unfair Competition Under Section 43(a)(1)(A)**</u>
<u>**of the Lanham Act (15 U.S.C. § 1125(a)(1)(A))**</u>

66.     Philips repeats and re-alleges paragraphs 1-65.

67.     Philips' **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress have all been long used, advertised, and promoted since 2015 and are either inherently distinctive or have acquired distinctiveness as source indicators of Philips and its **One**Blade electric shavers and replacement blades.

68.     Defendants' infringement of the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the Defendants, the Defendants' products, and/or the Defendants' commercial activities by or with Philips. Defendants' conduct thus constitutes direct trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(l)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(l)(A).

69.     Philips has been and will continue to be irreparably harmed by the actions of Defendants unless Defendants are enjoined from continuing to use the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress, as described above, to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the Defendants, the Defendants' products, and/or the Defendants' commercial activities by or with Philips. Unless enjoined by this Court, Defendants will continue to cause irreparable injury to Philips' business, identity, goodwill and reputation. Philips has no adequate remedy at law as monetary damages are inadequate to compensate Philips for the injuries caused by Defendants.

70.    Defendants' conduct has directly and proximately caused damages to Philips in an amount to be proven at trial.

71.    Defendants' infringements of the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress are deliberate, willful, fraudulent, and without any extenuating circumstances, and constitute exceptional cases within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling Philips to recover three times the amount of its actual damages, attorneys' fees, and costs incurred in this action, and prejudgment interest.

### COUNT III:
### Common-Law Trademark Infringement, Passing Off, and Unfair Competition

72.    Philips repeats and re-alleges paragraphs 1-71.

73.    The activities described above constitute common-law trademark infringement and misappropriation of the goodwill associated with Philips and its **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress, and constitutes passing off, trademark infringement, and unfair competition in violation of New York common law.

74.    By making unauthorized use of the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress, Defendants are committing trademark infringement in violation of New York common law and other applicable common law.

75.    Defendants' unauthorized use of the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress is knowing, intentional, and willful.

76.     As a result of Defendants' acts, Philips is suffering irreparable harm, for which it has no adequate legal remedy.

77.     Unless and until Defendants are enjoined by this Court, Defendants will continue to commit acts of trademark infringement, and will continue to cause likely consumer confusion and irreparable harm to Philips.

78.     Philips is entitled to recover Defendants' profits, all damages that Philips has sustained from Defendants' infringement and unfair competition, and the costs of the action, including attorneys' fees.

**COUNT IV:**
**Federal Trademark Counterfeiting Under Sections 32(1)(b), 34(d)**
**of the Lanham Act (15 U.S.C. §§ 1114(1)(b), 1116(d))**

79.     Philips repeats and re-alleges paragraphs 1-78.

80.     Defendants have used and continue to use slavish copies of the federally registered Philips Design Mark in connection with the advertising, sale, offering for sale, and/or distribution of counterfeit replacement blades not made or approved by Philips.  Defendants' activities constitute direct trademark counterfeiting in violation of Sections 32(1)(b), 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d).

81.     Defendants' unauthorized uses of the Philips Design Mark were intentional and with full knowledge that such uses were not authorized by Philips.  Defendants' actions therefore constitute willful counterfeiting of the Philips Design Mark in violation of Sections 32(1)(b), 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d).

82.     Philips has been and will continue to be irreparably harmed by the actions of Defendants and such entities unless enjoined from continuing to supply, sell, offer, or deliver Defendants' counterfeit products.  Unless enjoined by this court, Defendants will continue to market their counterfeit products, causing irreparable injury to Philips' business, identify,

goodwill, and reputation.  Philips has no adequate remedy at law as monetary damages are inadequate to compensate Philips for the injuries caused by the Defendants.

83.     Defendants' conduct has directly and proximately caused damages to Philips in an amount to be proven at trial.

84.     Defendants' infringements of the Philips Design Mark is deliberate, willful, fraudulent, and without any extenuating circumstances, and constitute exceptional cases within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling Philips to recover statutory damages of up to $2 million per counterfeit mark used by the Defendants, three times the amount of Philips' actual damages, attorneys' fees, and costs incurred in this action, and prejudgment interest.

## COUNT V:
## Infringement of the D'878 Patent

85.     Philips repeats and re-alleges paragraphs 1-84.

86.     U.S. Design Patent No. D776,878 (the "D'878 patent") was duly and lawfully issued by the United States Patent and Trademark Office on January 17, 2017 to Philips.  Philips is the current assignee and owner of the '878 patent.  The D'878 patent is titled "Shaving Head." Jens Peter Kophmann Andersson, Nicole Louisa De Klein, Albert Jan Aitink and Martinus Bernardus Stapelbroek are listed as co-inventors.  The patent issued from U.S. Design Patent Application No. 29/534,956, which was filed on August 3, 2015.  The D'878 patent claims priority from European Community Design Registration No. 002627372-0001, filed on February 5, 2015.

87.     The D'878 patent is valid and enforceable.  The D'878 patent claims a new, original, and ornamental design for a Shaving Head, as shown in the figures of the D'878 patent,

reproduced below and shown in **<u>Exhibit A</u>**, with the broken lines of even length shown in the figures forming no part of the claimed design:



Fig. 1, perspective view    Fig. 2, front elevational view    Fig. 3, rear elevational view

Fig. 4, right side elevational view    Fig. 5, left side elevational view    Figs. 6-7, top and bottom plan views

88.    Defendants have been, and presently are, infringing claim 1 of the D'878 patent within this District and elsewhere by selling and/or offering to sell into the United States infringing products whose overall visual impression is substantially the same in the eyes of the ordinary observer in light of the prior art as the ornamental design claimed in the D'878 Patent, as shown in the exemplary chart below. Defendants' actions thereby directly or indirectly

infringe the D'878 Patent, in violation of 35 U.S.C. §§ 271(a) and 289. The following

exemplary chart shows one instance of Defendants'



FIG. 1

FIG. 2

FIG. 3

FIG. 6

FIG. 4

FIG. 5

89. On information and belief, Defendants have distributed and continually distribute

the infringing products through established distribution channels throughout the United States,

including, but not limited to Defendants' own sales network.

90. Defendants acts with respect to the infringing products have been without license

or authority from Philips with respect to the D'878 Patent.

91. Philips is informed and believes, and on that basis alleges, that Defendants'

infringement of the D'878 patent has been and continues to be intentional, willful, and without

regard to Philips' rights since at least the date that this Complaint was served. Defendants have had knowledge of the D'878 patent since at least the date that this Complaint was served. Defendants have had knowledge of the infringing nature of its activities, or at least are willfully blind to the infringing nature of its activities, with respect to the D'878 patent since at least service of this Complaint.

92. Philips is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of its infringement of the D'878 patent.

93. Philips has suffered and continues to suffer damages as a direct and proximate result of Defendants' infringement of the D'878, and Philips is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285, and 289.

94. By reason of the ongoing and continuous infringement by Defendants of the D'878, Philips is entitled to the entry of a permanent injunction, enjoining Defendants from further infringement of Philips' design patent rights, pursuant to 35 U.S.C. § 283.

## COUNT VI:
## Infringement of the D'972 Patent

95. Philips repeats and re-alleges paragraphs 1-94.

96. U.S. Design Patent No. D870,972 (the "D'972 patent") was duly and lawfully issued by the United States Patent and Trademark Office on December 24, 2019 to Philips. Philips is the current assignee and owner of the '972 patent. The D'972 patent is titled "Blade for Hair Cutting Appliance." Albert Jan Aitink and Martinus Bernardus Stapelbroek are listed as co-inventors. The patent issued from U.S. Design Patent Application No. 29/696,507, which was filed on June 28, 2019. The D'972 patent claims priority as a continuation from application No. 15/301,428, which was filed as application No. PCT/EP2015/058486 on Apr. 20, 2015.

PCT/EP2015/058486 in turn claims priority to European patent application no. 14165283, filed on April 18, 2014.

97.     The D'972 patent is valid and enforceable.  The D'972 patent claims a new, original, and ornamental design for a Blade for Hair Cutting Appliance, as shown in the figures of the patent, reproduced below and shown in **<u>Exhibit B</u>**, with the broken lines of even length shown in the figures forming no part of the claimed design:



Figs. 1 and 2, top, front, right perspective view and bottom, rear, left perspective view

Figs. 3 and 4, top and bottom plan views

Fig. 5, right side elevational view

Fig. 6, left side elevational view

Fig. 7, rear elevational view

Figs. 8, front elevational view

98.     Defendants have been, and presently are, infringing claim 1 of the D'972 patent within this District and elsewhere by selling and/or offering to sell into the United States

infringing products whose overall visual impression is substantially the same in the eyes of the ordinary observer in light of the prior art as the ornamental design claimed in the D'972 Patent, as shown in the exemplary chart below. Defendants' actions thereby directly or indirectly infringe the D'972 Patent, in violation of 35 U.S.C. §§ 271(a) and 289.



99.     On information and belief, Defendants have distributed and continually distribute the infringing products through established distribution channels throughout the United States, including, but not limited to Defendants' own sales network.

100.    Defendants' acts with respect to the infringing products have been without license or authority from Philips with respect to the D'972 Patent.

101.    Philips is informed and believes, and on that basis alleges, that Defendants' infringement of the D'972 patent has been and continues to be intentional, willful, and without regard to Philips' rights since at least the date that this Complaint was served. Defendants have had knowledge of the D'972 patent since at least the date that this Complaint was served. Defendants have had knowledge of the infringing nature of its activities, or at least are willfully blind to the infringing nature of its activities, with respect to the D'972 patent since at least service of this Complaint.

102.    Philips is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of its infringement of the D'972 patent.

103.    Philips has suffered and continues to suffer damages as a direct and proximate result of Defendants' infringement of the D'972, and Philips is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285, and 289.

104.    By reason of the ongoing and continuous infringement by Defendants of the D'972, Philips is entitled to the entry of a permanent injunction, enjoining Defendants from further infringement of Philips' design patent rights, pursuant to 35 U.S.C. § 283.

## COUNT VII:
## Infringement of the D'346 Patent

105.    Philips repeats and re-alleges paragraphs 1-104.

106. U.S. Design Patent No. D905,346 (the "D'346 patent") was duly and lawfully issued by the United States Patent and Trademark Office on December 15, 2020 to Philips. Philips is the current assignee and owner of the '346 patent. The D'346 patent is titled "Blade Set." Albert Jan Aitink and Martinus Bernardus Stapelbroek are listed as co-inventors. The patent issued from U.S. Design Patent Application No. 29/713,946, which was filed on November 20, 2019. The D'346 patent claims priority as a continuation from U.S. Design Patent Application No. 29/696,507, filed on June 28, 2019, and U.S. Design Patent Application No. 15/301,428, filed on Oct. 3, 2016, which was filed as application No. PCT/EP2015/058486 on April 20, 2015 and claims priority to European patent no. 14165283, filed on April 18, 2014.

107. The D'346 patent is valid and enforceable. The D'346 patent claims a new, original, and ornamental design for a Blade for Hair Cutting Appliance, as shown in the figures of the patent, reproduced below and shown in **Exhibit C**, with the broken lines of even length shown in the figures forming no part of the claimed design:



Fig. 1, top, front, right perspective view

Figs. 3 and 4, top and bottom plan views

Fig. 5, right side elevational view



| Fig. 6, left side elevational view | Fig. 7, rear elevational view | Fig. 8, front elevational view |

108.    Defendants have been, and presently are, infringing claim 1 of the D'346 patent within this District and elsewhere by selling and/or offering to sell into the United States infringing products whose overall visual impression is substantially the same in the eyes of the ordinary observer in light of the prior art as the ornamental design claimed in the D'346 Patent as shown in the exemplary chart below. Defendants' actions thereby directly or indirectly infringe the D'346 Patent, in violation of 35 U.S.C. §§ 271(a) and 289.



FIG. 1

FIG. 3

FIG. 4

FIG. 7

109.    On information and belief, Defendants have distributed and continually distribute the infringing products through established distribution channels throughout the United States, including, but not limited to Defendants' own sales network.

110.    Defendants' acts with respect to the infringing products have been without license or authority from Philips with respect to the D'346 Patent.

111.    Philips is informed and believes, and on that basis alleges, that Defendants' infringement of the D'346 patent has been and continues to be intentional, willful, and without regard to Philips' rights since at least the date that this Complaint was served.  Defendants have had knowledge of the D'346 patent since at least the date that this Complaint was served. Defendants have had knowledge of the infringing nature of its activities, or at least are willfully

blind to the infringing nature of its activities, with respect to the D'346 patent since at least service of this Complaint.

112.    Philips is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of its infringement of the D'346 patent.

113.    Philips has suffered and continues to suffer damages as a direct and proximate result of Defendants' infringement of the D'346, and Philips is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285, 289.

114.    By reason of the ongoing and continuous infringement by Defendants of the D'346, Philips is entitled to the entry of a permanent injunction, enjoining Defendants from further infringement of Philips' design patent rights, pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Philips requests entry of judgment against Defendants on each and every claim for relief as set forth above and award it relief including, but not limited to, the following:

A.    An Order declaring that Defendants' use of the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress, as detailed above, constitutes trademark infringement of the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress, unfair competition under federal law, state law, or both, and trademark counterfeiting of the Philips Design Mark.

B.    An Order that Defendants selling or offering to sell the Accused Products infringes the claimed design of each of the Asserted Patents.

C.    Preliminary and permanent injunctions under 35 U.S.C. § 283, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, subsidiaries,

parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts of trademark infringement of the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress, and trademark counterfeiting of the Philips Design Mark, and infringement of the Asserted Patents or Philips' Philips Trade Dress including, but not limited to:

1.      using the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress, and/or any other marks or names that are confusingly similar to the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress as or as part of a trademark, trade name, corporate name, business name, e-mail address, domain name, URL, metatag, keyword, or other name, mark, or identifier;

2.      representing by any means whatsoever, directly or indirectly, that any of the Defendants are an authorized reseller of Philips products and/or that any of the Defendants or any of their products or activities are associated or connected in any way with Philips or sponsored or authorized by or affiliated with Philips.

3.      making, promoting, offering, or exposing for sale, or selling the products with designs confusingly similar to the claimed design of the Asserted Patents, as explained above;

4.      aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the designs Philips uses in connection with its products including, but not limited to, the claimed designs discussed in Counts V-VII; and

5.	effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

D.	An order directing Defendants to, within 30 days after the entry of the preliminary and permanent injunction, file with this Court and serve on Philips' attorneys a report in writing and under oath setting forth in detail the manner and form in which each Defendant has complied with the injunction;

E.	An Order requiring each Defendant to provide Philips with any and all information in Defendants' possession, custody, or control regarding Defendants' source(s) of any product Defendants sold that infringes the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress, and/or the Asserted Patents, including identifying each foreign supplier each Defendant has contacted in relation to the manufacturing of any replacement blade.

F.	An Order directing each Defendant to immediately delete or deactivate, at each Defendant's sole cost, any web pages bearing any of the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress, and/or any other marks or names that are confusingly similar to the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress.

G.	An Order directing each Defendant to immediately tender to Philips all products, advertisements, promotional materials, stationery, forms, domain names, social media names and aliases, and/or any other materials and things that contain or bear the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress, and/or any other marks or names that are confusingly similar to the **One**Blade trademark,

Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress;

H.      A judgment against Defendants for Defendants' total profits of any article of manufacture to which the claimed design of any of the Asserted Patents has been applied as a result of Defendants' infringement of the Asserted Patents in an amount to be determined at trial as provided under 35 U.S.C § 289 and for money damages sustained as a result of Defendants' infringement of the Asserted Patents in an amount to be determined at trial as provided under 35 U.S.C. § 284, whichever is greater;

I.      An Order requiring each Defendant to account for and pay to Philips any and all profits arising from the foregoing acts, and increasing such profits, including trebling them, in accordance with 15 U.S.C. § 1117 and other applicable laws.

J.      An Order requiring each Defendant to pay Philips damages, Defendant's respective profits, or both, in an amount as yet undetermined caused by the foregoing acts, and trebling such damages, profits, or both in accordance with 15 U.S.C. § 1117 and the common law of the State of New York.

K.      An Order awarding Philips statutory damages pursuant to 15 U.S.C. § 1117( c) in an amount of $2,000,000 for Defendants' counterfeiting of the Philips Design Mark.

L.      An Order requiring each Defendant to pay Philips punitive damages in an amount to be determined due to the foregoing willful acts of each Defendant.

M.      An Order requiring Defendants to pay Philips its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117, 35 U.S.C. § 285, and other applicable laws.

N.      An Order awarding of pre- and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct set forth above;

O.      An Order imposing an asset freeze or constructive trust over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

P.      Entry of an Order that, upon Philips' request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms (such as eBay, AliExpress, Alibaba, and Amazon), web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

1.      disable and cease providing services being used by any of the Defendants, currently or in the future, to engage in the sale of goods that infringe the Philips' asserted design patents;

2.      disable and cease displaying any advertisements used by or associated with any of the Defendants in connection with the sale of infringing goods using (i) the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress and/or any other marks that are confusingly similar to the **One**Blade trademark, Philips Design Mark, Single **One**Blade Package Design, and **One**Blade Shaver Head Trade Dress discussed in Counts I-IV; and (ii) designs Philips uses in connection with its products including, but not limited to, the claimed designs discussed in Counts V-VII; and

3.      take all steps necessary to prevent links to the seller aliases identified by Philips or similarly situated sellers from displaying in search results, including, but not limited to, removing links to the seller aliases from any search index; and

Q.      Such other relief as the Court may deem just and proper.

**JURY DEMAND**

Under Rule 38 of the Federal Rules of Civil Procedure, Philips respectfully demands a trial by jury of any issues triable of right by a jury.

Dated: April 8, 2021

Respectfully submitted,

/s/ *Grant A. Shehigian*
Grant A. Shehigian
GANFER SHORE LEEDS &
    ZAUDERER LLP
360 Lexington Avenue
New York, New York  10017
Telephone:    (212) 922-9250
Facsimile:    (212) 922-9335
gshehigian@ganfershore.com

Of Counsel:
Mark Sommers (*pro hac vice* pending)
mark.sommers@finnegan.com
Elizabeth Ferrill (*pro hac vice* pending)
elizabeth.ferrill@finnegan.com
Umber Aggarwal (*pro hac vice* pending)
umber.aggarwal@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC  20001-4413
Telephone:    (202) 408-4000
Facsimile:    (202) 408-4400

Attorneys for Plaintiff Koninklijke Philips N.V.