```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KONINKLIJKE PHILIPS N.V.,                                     :
                                                              :
                        Plaintiff,                            :
                                                              :    ORDER ADOPTING REPORT
           – against –                                        :    AND RECOMMENDATION
                                                              :
                                                              :    21-CV-1910 (AMD) (AYS)
10793060 CANADA INC., ELECTRONICS AG                          :
INC., INNOVATIVE WAREHOUSE                                    :
SOLUTIONS, LLC AND BOXSOURCE.COM,                             :
INC.,                                                         :
                                                              :
                        Defendants.                           :
------------------------------------------------------------- X
```

**ANN M. DONNELLY**, United States District Judge:

On April 8, 2021, the plaintiff commenced this action against the defendants for trademark infringement, trademark and trade dress infringement, false designation of origin, passing off, and unfair competition and federal trademark counterfeiting under the Lanham Act, 15 U.S.C. § 1051 *et seq*., design patent infringement under the Patent Act, 35 U.S.C. §§ 271 and 289, and related state law claims.  (ECF No. 1 at ¶¶ 54-114.)  The plaintiffs alleged, upon information and belief, that the defendants sold counterfeit razor blades in the United States.  (*Id*.)  In March 2022, the plaintiff settled its claims against Innovative Warehouse Solutions, LLC and BoxSource.com, Inc.  (ECF No. 48.)

While Defendants 10793060 Canada Inc. and Electronics AG Inc. (the "Canadian Defendants") initially appeared in this action, the Honorable Anne Y. Shields relieved counsel for both parties and granted them time to obtain new counsel.  Judge Shields advised the Canadian Defendants that failure to obtain new counsel could result in a default judgment.  (Court Order, June 7, 2022.)  New counsel never appeared.  On August 15, 2022, the plaintiff moved for default judgment against the Canadian Defendants.  (ECF No. 63.)  The next day, I

referred the motion to Judge Shields for report and recommendation.  (Court Order, August 16, 2022.)

The plaintiff sells shaving products using its OneBlade trademark.  In this case, the plaintiff alleges that the Canadian Defendants, via online webstores, sold counterfeit OneBlade razors for approximately $14.95 to $20.50 per unit.  (ECF No. 70-2 at 15, 17-19.)  The evidence at the December 20, 2022 inquest—primarily information offered from the Canadian Defendants' President, Alain Gazeryan, to the plaintiff's investigator—established that the Canadian Defendants are projected to have sold between 2.4 million and 3.6 million units.  (ECF No. 71 at 3.)  Additionally, Judge Shields found at the inquest that the plaintiff owns valid and enforceable trademark rights: federally registered and common law trademark rights for the Wave Design Logo used in the OneBlade shaver packaging; common law trademark rights in the OneBlade product name for shavers and related accessories; common law trade dress rights for the lime green color outfitted by the OneBlade products; and common law trade dress rights in the Single Shaver Head Package.  (*Id.*)  Moreover, Judge Shields determined that the Canadian Defendants acted knowingly and intentionally, and that this matter qualified as an "exceptional action" pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117.  (*Id.*)

On February 22, 2022, for the reasons set forth during the inquest, Judge Shields concluded that the plaintiff's well-pleaded factual allegations, taken as true, constituted valid claims for which relief could be granted, and recommended that I grant the plaintiff's motion for default judgment against the Canadian Defendants.  (*Id*. at 4-5.)  Judge Shields determined that the plaintiff had established damages[1] to a "reasonable certainty," and recommended that the

---

[1] As Judge Shields observed, although the plaintiff alleged patent infringement violations and introduced evidence at the inquest, the plaintiff ultimately did not seek patent infringement damages, because they would be duplicative.  (ECF No. 70-2 at 20; *see also* ECF No. 70 at 6.)

2

plaintiff be awarded a total of $49.19 million: $13.5 million in lost profits, $33.69 million in disgorgement of the Canadian Defendants' profits, and $2 million in statutory damages. (*Id.* at 10.) Judge Shields also recommended that the Canadian Defendants be permanently enjoined, consistent with the plaintiff's proposed order filed under ECF No. 70-3, and be granted leave to apply for an award of attorney's fees. (*Id.*) No objections have been filed to the Report and Recommendation, and the time for doing so has passed.[2]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

---

[2] Because the defendants have not filed timely objections to Judge Shields's Report and Recommendation, they have waived their right to appeal this Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

## CONCLUSION

I have reviewed Judge Shields's comprehensive Report and Recommendation and find no error. Accordingly, I adopt the Report and Recommendation in its entirety. I find that the plaintiff has adequately pleaded that the Canadian Defendants' counterfeiting and infringement was knowing and intentional. I award the plaintiff $49.19 million in damages and grant the plaintiff leave to apply for reasonable attorney's fees. In addition, the Canadian Defendants are permanently enjoined as detailed in the attached order.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       March 28, 2023